**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 6 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30119 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00009-SPW-1 |
| v. | |
| DAVID CROSBY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted August 27, 2018
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

David Crosby appeals his jury trial conviction for failure to register as a sex-offender, in violation of 18 U.S.C. § 2250. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Crosby contends that the prosecutor engaged in improper witness vouching during closing and rebuttal arguments. Because Crosby did not object to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

prosecutor's statements during the trial, "we review under the more deferential plain error standard." *See United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013) (quoting *United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010)).

The prosecutor's statement that the government's witness, Stephanie Harman, had no "dog in the fight" and submission that it was reasonable to believe Ms. Harman testified truthfully did not cross the line. We have previously held that statements, analogous to the prosecutor's statement here, regarding a witness' motive to lie did not amount to vouching. *See United States v. Wilkes*, 662 F.3d 524, 540 (9th Cir. 2011); *United States v. Nash*, 115 F.3d 1431, 1439 (9th Cir. 1997).

The prosecutor's submission that it was reasonable to believe Ms. Harman testified truthfully, viewed in context, was an argument of "inference from evidence in the record" rather than vouching. *United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir. 1993). A prosecutor has "considerable leeway" to argue reasonable inferences from the evidence, *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (citation omitted), and the statements here did not place "[the government's] own prestige behind the witness" or "indicat[e] that extrinsic information not presented in court support[ed] the witness' testimony," *United States v. Simtob*, 901 F.2d 799, 805 (9th Cir. 1990).

Even if vouching did occur, Crosby has not "demonstrate[d] a reasonable probability that he wouldn't have been found guilty had the error not occurred." *See*

*United States v. Rangel-Guzman*, 752 F.3d 1222, 1225–26 (9th Cir. 2014). The record demonstrates that (1) the government offered sufficient evidence aside from Ms. Harman's testimony; (2) the prosecutor's statements followed the defense's attack on Ms. Harman's testimony; and (3) the jury was properly instructed on its duty to evaluate witness credibility and the appropriate considerations for doing so.

**AFFIRMED.**

17-30119